Dear Sheriff Edwards:
You requested an Attorney General's opinion regarding the payment of fees for legal services. You indicate that you were elected sheriff of Tangipahoa Parish in the November, 2003 election, and took the oath of office and became sheriff on July 1, 2004. This opinion request arises from a management letter comment provided by the independent auditor who performed an audit of the Tangipahoa Parish Sheriff's Office's ("TPSO") books for the first year of your term. The management letter questioned certain legal fees paid in July, 2004, by the TPSO for services performed prior to your inauguration. Other legal fees incurred during the same period were not questioned by the auditor, who found that the work for those fees had been authorized by then-Sheriff Layrisson. For purposes of this opinion, you ask our office to assume that the fees in question are for legal services requested by you as sheriff-elect, were performed by legal counsel prior to your inauguration, and then received, accepted, utilized and paid by your office after your inauguration.
You advise that, during the transition period between the election and inauguration, a number of serious financial circumstances affecting the TPSO came to your attention. You and outgoing Sheriff Layrisson worked with legal counsel of your choosing to deal with some of these circumstances. However, in other areas there was less cooperation between members of the former Sheriff's administration and your transition team. You were advised to retain counsel to advise you on various matters, including the appointment of a fiscal agent, applicable state bid procedures, pending litigation against the TPSO, potential creditor claims, an Internal Revenue Service Tax Lien, personnel issues and other matters. After your inauguration, you formally engaged legal counsel for the TPSO. The legal services incurred prior to July 1, 2004, were considered by you to have been necessary under the circumstances, valuable to you as Sheriff, and fully earned. *Page 2 
The independent auditor has questioned the payment of the fees for these services, which were authorized by you prior to your inauguration and not clearly authorized by then-Sheriff Layrisson. You question whether it is proper for you to pay from the general fund of the TPSO, fees for legal services requested by you and performed prior to your inauguration as sheriff (but after your election as sheriff), where the work product was delivered to, accepted by, and utilized by the TPSO after your inauguration.
The expenditures that may be paid by a sheriff are governed by La.R.S. 33:1422, which provides in part:
 A. A sheriff and ex officio tax collector shall pay from the Sheriffs Salary Fund, upon warrant drawn by him, all expenses authorized by law which are incurred in the performance of his duties, including, but not restricted to, clerical expenses, the salary of the sheriff, and of all deputies, reasonable attorney fees for legal services, the premium of bonds required by the sheriff and deputies, the cost of uniforms for deputies, including clothing for deputies assigned plain clothes duty or undercover operational duties, and the membership dues of the sheriff and deputies in the Louisiana Sheriffs' Association and in the National Sheriffs' Association.
Until you take office (i.e., you are sworn in), the existing sheriff continues to exercise his powers and duties. La.Const. Art. XIV, Section 15 provides:
 A person holding an office by election shall continue to exercise his powers and duties until his office is abolished, his successor takes office or the office is vacated, as provided by law. A person holding an office by appointment shall continue to exercise his powers and duties until his office is abolished, his term ends, or he is removed or replaced under the provisions of this constitution or by law. Each public body shall continue to exercise its powers and duties until changed as provided by this constitution or by law.
As sheriff-elect, you have no legal authority to act on behalf of the TPSO. Therefore TPSO has no obligation to pay for any services you contracted for prior to taking office. Given that, we must determine whether TPSO may pay for such services. R.S. 33:1422 gives the sheriff the authority to pay the reasonable attorney fees for legal services. Art. VII, Sec. 14 of the Louisiana Constitution, which provides, in pertinent part, the following:
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . ." *Page 3 
Article VII, Section 14 clearly prohibits the donation of public funds. It has long been the opinion of this Office that this constitutional provision is violated if a political subdivision of the State donated State assets without a legal obligation to do so. See e.g., La. Atty. Gen. Op. No. 05-0037 (citing City of Port Allen v. LouisianaMunicipal Risk Agency, 439 So.2d 399 (La. 1983)). The case that that opinion and many others of this Office was based on, City of Port Allen,supra, has now been overruled by the Louisiana Supreme Court. See, Boardof Directors of the Industrial Development Board of the City ofGonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens ofthe City of Gonzales, 938 So.2d 11, 23, 2005-2298 (La. 9/6/06) (stating that "[t]he statement in City of Port Allen that § 14(A) is violated `whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so' presents an unworkable and incorrect interpretation of La.Const. art. VII, § (A) [sic]. Consequently, we repudiate that interpretation of § 14(A). We find instead that § 14(A) is violated when public funds or property are gratuitously alienated.").
Although we may have been of the opinion that payment for the legal services in question would have been a prohibited donation underCity of Port Allen, supra, because the TPSO has no obligation to pay at the time the legal services were rendered, we now reach a different conclusion following the Louisiana Supreme Court's opinion in Board ofDirectors, supra. As you indicated, the work product was delivered to, accepted by, and utilized by the TPSO after your inauguration. TPSO received the benefit of the legal services rendered. Therefore, as long as the attorney fees are reasonable, it is the opinion of our office that TPSO may pay for legal services requested by you, performed prior to your inauguration as sheriff and which benefited the TPSO.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General
 CCF, JR/KLR, III/crt